IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARCUS C. HENDERSON, <br><br> Plaintiff, <br><br> v. <br><br> ONEWEST BANK FSB, ISAOA; ONEWEST BANK FSB dba INDYMAC MORTGAGE SERVICES ISAOA; and ONEWEST BANK FSB dba INDYMAC FEDERAL BANK FSB, ISAOA; <br><br> Defendant. | CIVIL ACTION NO. <br> 1:10-CV-1989-TCB-LTW |

## **MAGISTRATE JUDGE'S ORDER**

This case is presently before the Court on Defendant OneWest Bank FSB's Motion to Strike Second Amended Complaint. Docket Entry [25]. Plaintiff filed the instant lawsuit on June 28, 2010, against Defendant OneWest Bank, FSB, ISAOA, OneWest Bank FSB, dba Indymac Mortgage Services, ISAOA and Indymac Federal Bank FSB, ISAOA, as well as McCurdy & Candler, LLC. Docket Entry [3]. Plaintiff subsequently amended his Complaint on July 19, 2010, and omitted his claims against McCurdy and Candler, LLC. Thus, OneWest Bank, FSB, ISAOA ("Defendant" or "OneWest") remained the sole Defendant. In Plaintiff's First Amended Complaint, he asserted claims for quiet title, violations of Sections 1692e, 1692f, and 1692g of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and violations of

the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). On July 25, 2011, this Court issued a non-final Report and Recommendation recommending that all of Plaintiff's claims be dismissed except his claims pursuant to Section 1692f(6) of the FDCPA.

Several days after this Court's Report and Recommendation was filed, Plaintiff filed his Second Amended Complaint without seeking leave of the Court to do so. The Second Amended Complaint reasserted several of the claims for which this Court recommended dismissal and which were subsequently dismissed by the district court. Additionally, the Second Amended Complaint added new defendants Morris Hardwick Schneider, LLC and Barry King to the lawsuit. Because Plaintiff did not request the Court's permission to amend his lawsuit, Plaintiff has not provided a justification for his proposed changes to his Complaint.

Defendant OneWest Bank moves to strike Plaintiff's Second Amended Complaint on the grounds that the Court has already dismissed the majority of Plaintiff's claims asserted in the Second Amended Complaint and Plaintiff has provided no explanation for his attempt to add new defendants and claims. Rule 15 of the Federal Rules of Civil Procedure provides that a plaintiff may amend his or her complaint *once* without leave of the Court either (1) within twenty-one days after its service or (2) twenty-one days after being served with a responsive pleading or motion under 12(b), (e), or (f). Fed. R. Civ. P. 15(a). In this case, however, Plaintiff has already amended his Complaint as a matter of course on July 19, 2010. Docket Entry [5]. Thus, Plaintiff must seek leave of

Court or obtain the opposing party's written consent prior to amending his Complaint. Fed. R. Civ. P. 15(a)(2). Plaintiff has not done so. Furthermore, because Plaintiff's Second Amended Complaint reasserts claims the district court has already dismissed, the proposed amendment is largely futile. Although leave to amend "shall be freely given when justice so requires," an amendment is not justified when it would be futile. Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984). Because Plaintiff's Second Amended Complaint was filed without leave and is largely futile, Defendant's Motion to Strike Second Amended Complaint is **GRANTED**. Docket Entry [25]. Plaintiff's Second Amended Complaints (Docket Entry 22) is **STRICKEN**.

**SO ORDERED**, this 15 day of November, 2011.

*/s/ Linda T. Walker*
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE